**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Carl E. JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 29, 2005.

Filed Dec. 14, 2005.

Frank S. Miceli, Lock Haven, for appellant.

Andrea F. McKenna, Asst. Atty. Gen., Harrisburg, for Com., appellee.

BEFORE: HUDOCK, FORD ELLIOTT and BECK, JJ.

OPINION BY BECK, J.:

¶ 1 This is an appeal from the denial of appellant Carl E. Johnson's first petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. Be-

cause we determine that the procedural default of counsel effectively denied appellant a direct appeal, we find that counsel was ineffective. Accordingly, we vacate the PCRA court's order and remand.

¶ 2 Appellant pled guilty on January 24, 2003 to multiple counts of possession with the intent to deliver a controlled substance, one count of conspiracy, and related charges. The trial court sentenced him to pay a fine, costs and restitution, and to serve an aggregate term of 12½ to 25 years in prison.

¶ 3 Appellant lodged a timely direct appeal challenging the discretionary aspects of the sentence. His sole claim was that the "trial court abused its discretion when it imposed upon him a sentence 'vastly different' from the sentence imposed on one of his co-defendants." *Commonwealth v. Johnson*, No. 1275 MDA 2003, slip. op. at 2, 850 A.2d 9 (Pa.Super. filed April 2, 2004). The Superior Court affirmed the judgment of sentence, finding that appellant's sentencing claim was waived because 1) appellant failed to cite any supporting authority under Pa.R.A.P. 2119(a),[1] and 2) appellant failed to include a Pa.R.A.P. 2119(f) statement in his brief, a procedural deficiency to which the Commonwealth objected.[2]

¶ 4 Appellant filed his first timely PCRA petition on January 3, 2005, alleging the

---

1. Pa.R.A.P. 2119(a) provides:

 **General Rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

 Failure to cite to any authority can result in the waiver of the claim. *See Commonwealth v. Russell*, 445 Pa.Super. 510, 665 A.2d 1239, 1246 (1995).

2. Pa.R.A.P. 2119(f) provides:

 **Discretionary aspects of sentence.** An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence.

 If an appellant fails to include a Pa.R.A.P. 2119(f) statement in his brief where it is required, and the appellee objects, a court may not consider the merits of the discretionary sentencing claim. *Commonwealth v. Tuladziecki*, 513 Pa. 508, 513, 522 A.2d 17, 19 (1987).

ineffectiveness of appellate counsel and seeking the reinstatement of his right to a direct appeal. The PCRA court denied appellant's petition on March 28, 2005. The PCRA court found "no question" that the brief submitted by counsel on direct appeal "was defective." PCRA Court Opinion, 3/28/05 at 3. The court denied PCRA relief because this Court had, in finding appellant's sentencing claim waived on direct appeal, noted that we would have denied relief on the merits in any event. *See Johnson*, No. 1275 MDA 2003, slip. op. at 3 n. 2. The PCRA court found that it would defy logic and the interests of judicial economy to reinstate appellant's direct appeal rights when the Superior Court has already determined that appellant would not be entitled to any relief.

 ¶ 5 Appellant counters that it was inappropriate for the PCRA court to consider the merits of the sentencing claim. He asserts that counsel's procedural failures effectively denied appellant his constitutional right to a direct appeal. Therefore, appellant argues, counsel was ineffective, and appellant is entitled to the reinstatement of his appellate rights without regard to his ability to establish the merit of the issues which counsel caused to be waived.

 ¶ 6 The Commonwealth, represented by the Attorney General's office, concedes that an accused who is deprived entirely of his right of direct appeal by counsel's failure to perfect an appeal is *per se* without the effective assistance of counsel, and is entitled to reinstatement of his direct appellate rights. *See, e.g., Commonwealth v. Halley*, 582 Pa. 164, 870 A.2d 795 (2005) (failing to file a Pa.R.A.P. 1925(b) statement on behalf of an accused seeking to appeal his sentence, resulting in

a waiver of all claims, constitutes an actual or constructive denial of counsel as well as the right of appeal, and entitles the accused to a direct appeal *nunc pro tunc* regardless of his ability to establish the merits of the issues that were waived); *Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564 (1999) (failing to file a requested direct appeal denies the accused the assistance of counsel and the right to a direct appeal, and the accused is entitled to reinstatement of his right of appeal without regard to the merits of the issues that would have been raised). The Commonwealth argues, however, that appellant was not denied the right to a direct appeal. The Commonwealth first points out that appellant's counsel did file an appeal and an appellate brief. Second, the Commonwealth emphasizes that there is no right to appeal the discretionary aspects of a sentence.

¶ 7 The Commonwealth likens this to a case in which counsel perfected the appeal, but simply failed to raise a certain claim. As such, the Commonwealth argues that the trial court properly applied the traditional three-prong test for ineffectiveness of counsel, which requires appellant to establish that: "1) the underlying claim is of arguable merit; 2) counsel had no reasonable basis for the act or omission in question; and 3) *but for counsel's act or omission, the outcome of the proceedings would have been different.*" *Commonwealth v. Franklin*, 823 A.2d 906, 908 (Pa.Super.2003) (quotation omitted) (emphasis added). Since the Superior Court determined in *dicta* that appellant was not entitled to relief on the merits in his direct appeal, the Commonwealth finds that appellant has failed to satisfy the third, or "prejudice," prong of this inquiry.[3]

---

**3.** The Commonwealth correctly acknowledges that the first two prongs are clearly met

where counsel fails to follow procedural rules to ensure requested appellate review of a

¶ 8 Appellant cites *Franklin* in support of his position that counsel's failures effectively denied him a direct appeal and thus, prejudice must be presumed. *See Halley,* 582 Pa. at 167, 870 A.2d at 798. Like this case, *Franklin* was a PCRA matter in which the appellant had filed a direct appeal and an appellate brief. As in this case, the *Franklin* appellant's brief on direct appeal was so deficient under Pa. R.A.P. 2119 that this Court had been unable to consider the merits of his claims. Counsel had not cited authorities or the record in support of the appellate argument; as a result, the direct appeal was quashed. On PCRA appeal, we noted that a brief containing such defective argument that appellate review is precluded "has the same result as filing no brief at all." 823 A.2d at 910. We found that "counsel's performance ... was so ineffective as to have deprived appellant of his direct appeal." *Id.* The appellant's right to a direct appeal was reinstated without regard to his ability to establish that the claims he tried to bring had merit.

¶ 9 Instantly, we find that *Franklin* controls. Because appellate counsel failed to comply with Pa.R.A.P. 2119(a) and (f), the Superior Court was unable to consider the merits of appellant's only claim, and found it waived. This case is not like one in which the appeal was perfected, but counsel failed to raise a particular issue. As in *Franklin,* the appellate brief in this case was so defective that the result was no different than if counsel had failed to file a brief at all. Significantly, counsel failed to take the steps necessary to ensure that this Court would consider the *one* argument which appellant sought to advance. *See Halley,* 582 Pa. at 172, 870 A.2d at 801 (noting the significant difference between "failures that completely foreclose appel-

late review, and those which may result in narrowing its ambit"); *Commonwealth v. Hernandez,* 755 A.2d 1, 8–9 & n. 4 (Pa.Super.2000) (finding that a PCRA petitioner is entitled to a direct appeal *nunc pro tunc* where prior counsel caused his one direct appellate claim to be waived, and "expressly distinguish[ing] ... cases like the present where direct appeal counsel's ineffectiveness waived all the issues that the post-conviction petitioner wished to raise from those cases where direct appeal counsel simply did not raise every issue requested by the criminal defendant"), *affirmed in part by* 572 Pa. 477, 817 A.2d 479 (2003).

¶ 10 It makes no difference to our analysis that appellant's only claim involved the discretionary aspects of the sentence. It is true that there is no absolute right to challenge the discretionary aspects of a sentence. *See Commonwealth v. Tuladziecki,* 513 Pa. 508, 511, 522 A.2d 17, 18 (1987). There is, however, a right to *seek* appellate review of the discretionary aspects of a sentence by including a Pa. R.A.P. 2119(f) statement in the appellate brief. *See* 42 Pa.C.S.A. § 9781(b). Counsel had a responsibility to protect this right. *See Commonwealth v. Liebel,* 573 Pa. 375, 380–81, 825 A.2d 630, 633 (2003) (stating that a person seeking allowance of appeal is entitled to the assistance of counsel under Pa.R.Crim.P. 122). Thus, counsel's failure to include a Pa.R.A.P. 2119(f) statement in the brief compromised appellant's direct appellate rights. *See Hernandez,* 755 A.2d at 11–12 & n. 6 (holding that trial counsel's ineffectiveness denied the appellant his right to a direct appeal, even though the one claim waived by counsel's failures involved the discretionary aspects of the sentence); *see also Liebel,* 573 Pa. at 384, 825 A.2d at 635 (holding that coun-

criminal defendant's claims. *See Commonwealth v. Hernandez,* 755 A.2d 1, 11–12

(Pa.Super.2000), *affirmed in part by* 572 Pa. 477, 817 A.2d 479 (2003).

sel's failure to petition for allowance of appeal with our Supreme Court was ineffectiveness denying the appellant his right to a direct appeal, regardless of whether the Supreme Court would have granted review, because although there is no right of appeal to the Supreme Court, there is a right to *seek* such appeal).

¶ 11 Also, it is undisputed that had appellate counsel filed a Pa.R.A.P. 2119(f) statement, appellant's argument based on the disparity between his and his co-defendant's sentences would have raised a substantial question for review. *See Johnson,* No. 1275 MDA 2003, slip op. at 3 n.2; *Commonwealth v. Chilcote,* 396 Pa.Super. 106, 578 A.2d 429, 439 & n. 12 (1990). Thus, counsel's error in failing to develop the argument with citation to authority also deprived appellant of his direct appellate rights because under our decisional law, appellant's particular claim would have been entitled to consideration on the merits.

¶ 12 We note finally that although we concluded in *dicta* on direct appeal that appellant would not have been entitled to relief on the merits, this did not constitute the "independent legal review of his case that he was entitled to." *See Franklin,* 823 A.2d at 910. Appellant has not yet had a *"full, fair,* and *counseled* opportunity to present his claims." *See id.* at 909 (quotation omitted) (emphasis in original). As our Supreme Court noted in reinstating an appellant's right of direct appeal *nunc pro tunc* in *Halley,* 582 Pa. at 173, 870 A.2d at 801 n. 5, "[a]lthough our decision here will . . . result in duplicative review in Appellant's particular circumstance, the necessary review does not appear to be burdensome . . . ."

¶ 13 Order denying PCRA relief vacated. Remanded for reinstatement of appellant's right to file a direct appeal *nunc pro tunc.* Jurisdiction relinquished.