J-S48023-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :   IN THE SUPERIOR COURT OF
                                :           PENNSYLVANIA
                  Appellee      :
                                :
            v.                  :
                                :
QUINTON CORPREW,                :
                                :
                  Appellant     :   No. 2032 WDA 2014

Appeal from the PCRA Order November 24, 2014,
Court of Common Pleas, Cambria County,
Criminal Division at No. CP-11-CR-0000675-2011

BEFORE:  PANELLA, DONOHUE and WECHT, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED AUGUST 19, 2015**

Quinton R. Corprew ("Corprew") appeals from the order of court denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546.  Following our review, we vacate the PCRA court's order and remand for the reinstatement of Corprew's direct appeal rights.

On September 8, 2011, at the conclusion of a two-day trial, a jury found Corprew guilty of aggravated assault – serious bodily injury, aggravated assault – bodily injury with a deadly weapon, simple assault, and recklessly endangering another person.[1]  These charges stemmed from a fight Corprew had with his girlfriend's former paramour in the Johnstown area.  On November 8, 2011, Corprew was sentenced to an aggregate term

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2702(a)(4), 2701(a)(1), 2705.

of ten years to twenty years of incarceration and further ordered to pay the costs of prosecution and restitution.

Corprew filed a timely notice of appeal and this Court affirmed the judgment of sentence on December 28, 2012.[2] *See Commonwealth v. Corprew*, 64 A.3d 37 (Pa. Super. 2012) (unpublished memorandum). Our Supreme Court denied further review. *See Commonwealth v. Corprew*, 77 A.3d 635 (Pa. 2013) (table). Corprew filed a pro se PCRA petition on June 25, 2014 and Timothy Burns ("Burns") was appointed as counsel. Burns filed an amended petition on Corprew's behalf on September 4, 2014. The PCRA court held a hearing on the amended petition on September 4, 2014, following which it entered an order and opinion denying relief.

This appeal follows, in which Corprew presents three issues for our review, which we have reordered for ease of disposition:

> 1. [Whether] [t]he [t]rial [c]ourt erred in finding that the sentence imposed was not illegal under *Alleyne v. United States*, 133 S.Ct. 2151 [] (2013)[?]
>
> 2. [Whether] [t]he [t]rial [c]ourt erred in finding that [Corprew's] [t]rial [c]ounsel was not ineffective for failing to file a Motion to Suppress Evidence[?]
>
> 3. [Whether] [t]he [t]rial [c]ourt erred in finding that [Corprew's] [t]rial [c]ounsel was not ineffective for failing to perfect [] [Corprew's] direct appeal[?]

Corprew's Brief at 3.

---

[2] This Court found all issues waived on appeal.

> In conducting review of a PCRA matter, we consider the record "in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (en banc). Our review is limited to the evidence of record and the factual findings of the PCRA court. ***Id.*** This Court will afford "great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record." ***Id.*** Thus, when a PCRA court's ruling is free of legal error and is supported by record evidence, we will not disturb its decision. ***Id.*** Of course, if the issue pertains to a question of law, "our standard of review is de novo and our scope of review is plenary." ***Id.***

***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015).

In his first issue, Corprew argues that his sentence violates the United States Supreme Court's decision in ***Alleyne v. United States***, 133 S.Ct. 2151 (2013). Corprew argues that the trial court imposed an illegal sentence per ***Alleyne*** by applying a deadly weapon enhancement[3] to his aggravated assault sentence. We disagree. This Court recently considered whether ***Alleyne*** applies to cases involving sentencing enhancements and concluded that it does not. ***Commonwealth v. Ali***, 112 A.3d 1210 (Pa. Super. 2015). In ***Ali***, the defendant was convicted of offenses including possession with intent to deliver, and the trial court applied the school zone and youth enhancements[4] to his sentence. The defendant challenged the

---

[3] 204 Pa. Code §§ 303.10(a)(2), 303.17(b) (setting forth the Deadly Weapon Enhancement/Used Matrix).

[4] 204 Pa. Code §§ 303.10(b), 303.18(a)-(c).

- 3 -

application of the enhancements as a violation of *Alleyne*, and we reasoned

as follows:

> *Alleyne* has no application to the sentencing enhancements at issue in this case. The parameters of *Alleyne* are limited to the imposition of mandatory minimum sentences, *i.e.,* where a legislature has prescribed a mandatory baseline sentence that a trial court must apply if certain conditions are met. The sentencing enhancements at issue impose no such floor. Rather, the enhancements only direct a sentencing court to consider a different range of **potential** minimum sentences, while preserving a trial court's discretion to fashion an individual sentence. By their very character, sentencing enhancements do not share the attributes of a mandatory minimum sentence that the Supreme Court held to be elements of the offense that must be submitted to a jury. The enhancements do not bind a trial court to any particular sentencing floor, nor do they compel a trial court in any given case to impose a sentence higher than the court believes is warranted. They require only that a court consider a higher range of possible minimum sentences. Even then, the trial court need not sentence within that range; the court only must consider it. Thus, even though the triggering facts must be found by the judge and not the jury—which is one of the elements of an *Apprendi* [*v. New Jersey,* 120 S.Ct. 2348 (2000)] or *Alleyne* analysis—the enhancements that the trial court applied in this case are not unconstitutional under *Alleyne*.

> Ali maintains that, because both of the enhancements contain the word "shall," the enhancements are mandatory in nature, and must fall within *Alleyne's* holding. However, the enhancements only require the trial court to consider a certain range of sentences. The enhancements do not bind the trial court to impose any particular sentence, nor do they compel the court to sentence

> within the specified range. Indeed, it is well-settled that the sentencing guidelines ultimately are only advisory. ***Commonwealth v. Griffin***, 804 A.2d 1, 8 (Pa. Super. 2002). Thus, ***Alleyne*** has no application to the enhancements.

***Id.*** at 1226 (emphasis in the original).

We recognize that this case involves a different sentencing enhancement from that in ***Ali***; however, we conclude that the same principles apply to the enhancement the trial court used here. The deadly weapon enhancement, like the school and youth enhancements, imposes no mandatory minimum sentence; rather, it only directs the sentencing court to consider a different range of potential minimum sentences by adding months of incarceration to the low and high ends of the guideline range. With each enhancement, the trial court retains the discretion to fashion an individual sentence and is not compelled to sentence within the specified range. Accordingly, we conclude that ***Alleyne*** is not implicated in Corprew's sentence and therefore he is not entitled to relief on this basis.

Corprew's remaining issues involve claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must establish that: (1) the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. ***Stultz***, 114 A.3d at 880. The failure to satisfy any prong of this test requires rejection of the claim. ***See Commonwealth v. Daniels***, 104 A.3d 267, 281 (Pa. 2014);

***Commonwealth v. Luster***, 71 A.3d 1029, 1039 (Pa. Super. 2013). Trial counsel will not be deemed ineffective for failing to pursue a meritless claim. ***Commonwealth v. Keaton***, 82 A.3d 419, 426 (Pa. 2013) (citing ***Commonwealth v. Pursell***, 724 A.2d 293, 304 (Pa. 1999)).

In his first claim of ineffective assistance, Corprew argues that trial counsel ("Counsel") was ineffective for failing to seek suppression of statements made by the victim, William McGinnis ("McGinnis"), at the preliminary hearing regarding the sequence of events on the night of the altercation. Corprew's basis for this claim is that McGinnis' version of events is inconsistent with his version,[5] and that at the time of the events, McGinnis was under the influence of alcohol and/or drugs and therefore his statements should have been suppressed.[6] ***See*** N.T., 9/30/14, at 15.

The PCRA court found that there is no merit to this claim. PCRA Court Opinion, 11/24/14, at 6. We find no error in this determination. A motion to suppress "specifically protects constitutional rights[.]" ***Commonwealth***

---

[5] McGinnis testified at the preliminary hearing that he and Corprew decided that they were going to walk around the building to fight, and that Corprew was walking in front of him. He further testified that Corprew unexpectedly turned around and started stabbing him with the knife. N.T., 9/7/11, at 53-54. Corprew, on the other hand, testified that he and the victim were face to face when McGinnis took his jacket off and lunged at him, and that he pulled out the knife to protect himself from McGinnis' attack. ***Id.*** at 179-181.

[6] Corprew also contends that the testimony of the Commonwealth's witness, Dave Herring, supports his version of the events. N.T., 9/30/14, at 15-16. However, our review of the record reveals that Herring's testimony is consistent with McGinnis' testimony. ***See*** N.T., 9/7/11, at 123-143.

*v. Metzer*, 634 A.2d 228, 233 (Pa. Super. 1993); *see also Commonwealth v. Wood*, 833 A.2d 740, 743 (Pa. Super. 2003) (quoting *Commonwealth v. Haynes*, 577 A.2d 564, 570 (Pa. Super. 1990)) ("[w]hen ruling on suppression motions, the suppression court is required to make findings of fact and conclusions of law as to whether evidence was obtained in violation of the defendant's constitutional rights."). Suppression motions "do[] not contemplate suppression of evidence simply because its introduction may be prejudicial[.]" *Commonwealth v. Murphy*, 328 A.2d 842, 843 (Pa. 1974); *see also Commonwealth v. King*, 689 A.2d 918, 921 (Pa. Super. 1997) (stating "a suppression motion [is] designed to preclude evidence that was obtained in violation of a defendant's constitutional rights, [not] evidence that was constitutionally obtained but which is prejudicial to the moving party.").

Corprew asserts no constitutional violation in this appeal. Rather, Corprew's claim is directed to McGinnis' credibility as a witness and the weight the jury could give his testimony as to the sequence of events. As such, it is not the proper subject matter for a suppression motion. Further, we note that to the extent that Corprew's claim is based on McGinnis' alleged intoxication, it is well-settled that statements made while under the influence of alcohol, even if prejudicial, "do[] not affect the admissibility of the[] statements, but rather goes to the weight the jury may [] give[ the witness's] testimony." *Commonwealth v. Slout*, 432 A.2d 609, 612 (Pa.

Super. 1981). Accordingly, we agree with the trial court that there is no merit to Corprew's claim that these statements could have been suppressed.[7] Therefore, we find no abuse of discretion in the PCRA court's ruling on this issue.

In his second claim of ineffective assistance of counsel, Corprew argues that Counsel's actions with regard to his direct appeal, which resulted in this Court finding all issues waived, constitutes ineffectiveness per se. We agree.

The sole issue stated in Corprew's Pa.R.A.P. 1925(b) ("Rule 1925(b)") statement on direct appeal was as follows: "[Corprew] believes that evidence presented at trial was insufficient to sustain conviction [sic]." Concise Statement of Matters Complained of on Appeal, 12/30/11. In Corprew's direct appeal brief, Counsel raised the following single issue: "Whether the Commonwealth presented insufficient evidence to convict [Corprew] of aggravated assault, simple assault, and recklessly endangering

_____

[7] We also note that Corprew's trial counsel in this case reached the same conclusion. This is illustrated by their testimony at the PCRA hearing as to their reasons for not pursuing a suppression motion. Michael Filia testified that upon review of the evidence, he did not believe there was a legitimate basis for such motion. N.T., 9/30/14, at 6-7. Co-counsel, Lisa Lazzari, similarly testified that she advised Corprew that this was not a proper suppression issue as it went to the credibility of the victim as a witness and not to the admissibility of his testimony. *Id.* at 10-11. In light of this testimony, which the PCRA court found credible, Corprew would not be able to prove that his counsel lacked a reasonable basis for their failure to seek suppression of these statements, and his claim would fail for this reason, as well. *Stultz*, 114 A.3d at 880; *Daniels*, 104 A.3d at 281.

another person[?]" **See Corprew**, 64 A.3d 37 (unpublished memorandum); Corprew's Brief at 9. Presented with the vague statement, this Court concluded that "[Corprew]'s failure to specify any crimes and/or elements [] in his [Rule] 1925(b) statement results in the waiver of the sufficiency of the evidence claim." **Id.** This Court further opined: "Even if [Corprew] had properly preserved this issue in his [] [Rule] 1925(b) statement, we would find he failed to properly develop it in his brief." **Id.** In so concluding, this Court refused to address the issue on its merits.

When addressing ineffectiveness claims, this Court traditionally applies the three-prong test previously set forth in this Memorandum. **See, e.g., Commonwealth v. Mikell**, 968 A.2d 779, 781-82 (Pa. Super. 2009). However, this test does not apply, and prejudice is presumed, in situations where counsel's failures effectively denied the defendant his direct appeal rights. **See, e.g., Commonwealth v. Johnson**, 889 A.2d 620, 622-23 (Pa. Super. 2005). "[A]n accused who is deprived **entirely** of his right of direct appeal … is per se without effective assistance of counsel, and is entitled to reinstatement of his direct appellate rights." **Id.** at 622 (emphasis added). **See also Commonwealth v. Britt**, 83 A.3d 198, 203 (Pa. Super. 2013) (stating that per se ineffectiveness occurs when "representation [is] so deficient [on appeal] that the defendant [i]s completely … denied counsel or entirely denied merits review."); **Commonwealth v. Lantzy**, 736 A.2d 564 (Pa. Super. 1999).

Among "[t]he recognized instances of per se ineffectiveness entitling a defendant to automatic relief" is counsel's failure to file an appellate brief. *Commonwealth v. Brown*, 18 A.3d 1147, 1156 (Pa. Super. 2011) (citing *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007)). Further, when an appellate brief is so defective that it substantially hampers the court's ability to review the merits of the issues presented, "the result [i]s no different than if counsel had failed to file a brief at all." *Johnson*, 889 A.2d at 623. *See Commonwealth v. Fink*, 24 A.3d 426, 433 (Pa. Super. 2011) (presuming ineffectiveness "where … this Court [] reviewed the defendant's direct appeal [brief,] deemed the sole issue waived *and did not conduct an alternative merits review*."). *Compare Commonwealth v. Reed*, 971 A.2d 1216, 1226 (Pa. 2009) (where "the issues [on appeal] [a]re sufficiently presented to allow the court to address the merits of defendant's arguments," counsel's filing of a deficient appellate brief "does not constitute a complete failure to function as a client's advocate[.]").

This Court addressed a highly similar scenario in *Commonwealth v. Franklin*, 823 A.2d 906 (Pa. Super. 2003). As in the present case, *Franklin* involved a situation in which the appellant's appointed counsel filed a brief on direct appeal that was so deficient that this Court refused to

- 10 -

consider the merits of his claims.[8]  As a result, this Court quashed the appeal.  The appellant filed a PCRA petition alleging that original appellate counsel was ineffective for failing to properly brief his appeal.  The PCRA court dismissed the petition, but on review, this Court vacated the PCRA court's denial and reinstated appellant's direct appeal rights.  This Court reasoned that "an accused has an absolute right to appeal, […] and counsel can be faulted for allowing that right to be waived[.]"  *Franklin,* 823 A.2d at 908-09.  We held that where "[c]ounsel's brief [is] so procedurally defective that [this Court] c[an] not reach the merits of appellant's assignments[,]" it "has the same result as filing no brief at all."  *Id.* at 909-10.  This Court concluded that "counsel's performance … was so ineffective as to have deprived appellant of his direct appeal."  *Id.*

The present case is clearly analogous to the situation in *Franklin*.  In both cases, the Superior Court refused to address the merits of appellants' claims because of defective briefing by their counsel; thus, neither appellant received an independent review of their case.  It is of no matter here that the PCRA court, which also presided over Corprew's trial, addressed the merit of his claim in its opinion authored for his direct appeal.  This Court further noted in *Franklin* that "counsel's failure [i]s not overcome by the lower court's review of the [issue raised in the] original appeal."  *Id.*  We

---

[8]  Specifically, this Court concluded that counsel "improperly failed to support [the] legal claims with specific evidence contained in the record." *Franklin*, 823 A.2d at 908 (alteration in original) (citation omitted).

- 11 -

concluded that regardless of the lower court's actions, the **Franklin** appellant did not receive the independent legal review of his case that he was entitled to. For the same reasons, we conclude here that Corprew, being deprived of an independent review, was effectively denied his right to direct appeal. Accordingly, Counsel was ineffective per se, and the PCRA court committed error in denying Corprew's amended PCRA petition on this issue. We therefore vacate the PCRA court's order and remand for the entry of an order reinstating Corprew's direct appeal rights. **See id.** at 911; **Johnson**, 889 A.2d at 624.

Order vacated. Case remanded for entry of an order reinstating the right to direct appeal with assistance of counsel. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2015