J-S61038-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| GREGORY SCOTT KNAUB, | : | |
| Appellant | : | No. 510 MDA 2015 |

Appeal from the PCRA Order Entered February 19, 2015
in the Court of Common Pleas of York County,
Criminal Division, at No(s): CP-67-CR-0005598-2012,
CP-67-CR-0005601-2012, CP-67-CR-0005633-2012

BEFORE:    PANELLA, WECHT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED DECEMBER 10, 2015**

Gregory Scott Knaub (Appellant) appeals *pro se* from the February 19, 2015 order that denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We reverse and remand with instructions.

The certified record before us reveals the following pertinent facts.  On March 21, 2014, Appellant entered guilty pleas to various crimes at each of the three trial court docket numbers listed above.  He was sentenced at each of those docket numbers on April 28, 2014, resulting in an aggregate sentence of 14½ to 29 years of imprisonment.  Counsel for Appellant untimely filed a post-sentence motion on May 12, 2014, which was denied by order of May 21, 2014.  Counsel then untimely filed a notice of appeal on

_____

*Retired Senior Judge assigned to the Superior Court.

June 18, 2014. This Court issued a rule to show cause why the appeal should not be quashed as untimely filed. Obtaining no response from Appellant, through counsel or otherwise, this Court *sua sponte* quashed the appeal by order of October 17, 2014.

On December 2, 2014, Appellant timely filed a PCRA petition referencing all three lower court docket numbers. Therein, Appellant alleged that plea counsel was ineffective by, *inter alia*, failing to "do" his appeal. PCRA Petition, 12/2/2014, at 3. Appellant requested his "appeal rights back an[d] a lawyer that will help me. I would like him to look over my [w]hole case." **Id.**

Counsel was appointed, and thereafter filed a motion to withdraw as counsel and a letter brief pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On January 26, 2015, the PCRA court granted counsel leave to withdraw and issued a notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On February 19, 2015, the PCRA court entered an order denying the petition.

Appellant timely filed a notice of appeal. The PCRA court ordered Appellant to file a statement of errors complained of on appeal, and Appellant timely complied. The PCRA court filed a statement pursuant to rule 1925(a) addressing the issues Appellant raised.

On appeal, Appellant presents this Court with the following questions.

[1.] Was the Appellant deprived of his right to direct appellate review when appointed counsel filed to file a timely brief in the Appellant's behalf?

[2.] Was the Appellant prejudiced by the sentencing judge's failure to inform the Appellant of his right to file post-sentence motions?

[3.] By the denial of both post-sentence motions and direct appeal, … did the trial court foreclose the Appellant from appealing to the Pennsylvania Superior Court the discretionary aspects of the sentence?

Appellant's Brief at 4 (lower court and suggested answers omitted).

"Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

Appellant's first argument is that the PCRA court erred in determining that there was no merit to his claim that plea/direct appeal counsel was ineffective in failing to perfect his direct appeal. Appellant's Brief at 7, 9-10. The Commonwealth argues that Appellant waived this claim by failing to raise it in his PCRA petition and by raising it for the first time on appeal. Commonwealth's Brief at 10-11, 15.

As detailed above, Appellant's PCRA petition clearly claimed that he wanted his direct appeal rights reinstated given counsel's failure to "do" the

appeal the first time around. PCRA Petition, 12/2/2014, at 3. In his 1925(b) statement, Appellant claimed that his prior counsel "refus[ed] to file an appeal in a timely ma[nn]er, which deprived [Appellant] of his right to appeal." Concise Statement, 4/20/2015, at ¶ (2)(H). Appellant further referenced his right to have the assistance of counsel through a discretionary appeal to the Pennsylvania Supreme Court and his request to "be granted new counsel to help him do so." *Id.*

Thus, we disagree with the Commonwealth and with the PCRA court, which opined that the issue stated in paragraph (2)(H) of Appellant's 1925(b) statement was not raised in the PCRA petition "and is nonsensical." 1925(a) Statement, 5/28/2015, at 8. The issue of whether Appellant's plea/direct appeal counsel was ineffective for failing to perfect his direct appeal is properly before us.

Turning to the merits of the issue, we begin by noting that counsel is presumed to be effective. *Commonwealth v. Simpson*, 112 A.3d 1194, 1197 (Pa. 2015). To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner ordinarily must prove each of the following: "(1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a

reasonable likelihood the outcome of the proceedings would have been different." *Id.* However,

> where there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases, denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, as well as the right to direct appeal under Article V, Section 9, and constitutes prejudice for purposes of Section 9543(a)(2)(ii). Therefore, in such circumstances, and where the remaining requirements of the PCRA are satisfied, the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal.

*Commonwealth v. Lantzy*, 736 A.2d 564, 572 (Pa. 1999) (footnote omitted). "*Lantzy*'s reasoning expressly subsumed not only the unjustified failure to file a requested direct appeal, but also, the failure to perfect the appeal." *Commonwealth v. Halley*, 870 A.2d 795, 800 (Pa. 2005). "[T]he failure to perfect a requested direct appeal is the functional equivalent of having no representation at all." *Id.* at 801.

It is apparent from the record before us that Appellant wanted to file a direct appeal and that, because counsel did file an appeal, counsel knew of Appellant's desire. *See*, *e.g.*, *Commonwealth v. Johnson*, 889 A.2d 620, 622 n.3 (Pa. Super. 2005) ("[T]he first two prongs [of the test for ineffective assistance of counsel] are clearly met where counsel fails to follow procedural rules to ensure requested appellate review of a criminal defendant's claims."). The record also shows that counsel failed to perfect

- 5 -

the appeal by timely filing the notice of appeal. The untimely nature of the appeal resulted in its quashal, depriving Appellant of his right to a direct appeal under Article V, Section 9 of the Pennsylvania Constitution. Accordingly, the PCRA court erred in denying Appellant's petition to the extent that he sought reinstatement of his direct appeal rights.[1]

Therefore, we reverse the PCRA court's February 19, 2015 order which denied Appellant's petition. Upon remand, the PCRA court shall enter an order reinstating Appellant's direct appeal rights, appointing counsel to represent Appellant on his direct appeal, and establishing the deadline for the filing of Appellant's direct appeal *nunc pro tunc*.[2]

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

---

[1] The record does not reflect the reasons for the PCRA court's determination that Appellant's claim lacked merit. The only analysis of the claim in the record is contained in the **Turner**/**Finley** letter filed by PCRA counsel. Therein, PCRA counsel asserted that Appellant was able to establish the first two prongs of the ineffectiveness test. **Turner**/**Finley** Letter, 12/26/2014, at 2-3 (pages unnumbered). However, counsel opined that the claim lacked merit because Appellant was unable to establish that he was prejudiced by counsel's failure to perfect the appeal. **Id.** at 3-4. As discussed above, no showing of prejudice is required when counsel fails to perfect a requested appeal. Thus, to the extent that the PCRA court relied upon PCRA counsel's analysis in dismissing Appellant's petition, it committed an error of law.

[2] We do not address the remaining issues Appellant raises in his brief because they present claims of trial court error which are subjects for direct appeal, not for a PCRA petition. **See**, **e.g.**, **Commonwealth v. Abdul-Salaam**, 808 A.2d 558, 560 (Pa. 2001) (holding claims of trial court error which could have been raised on direct appeal were "beyond the power of this Court to review under the express terms of the PCRA").

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/2015