J-S41026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES LANZA, II | : | |
| | : | |
| Appellant | : | No. 330 MDA 2019 |

Appeal from the Judgment of Sentence Entered January 22, 2019
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0000716-2018

BEFORE:   LAZARUS, J., MURRAY, J., and STRASSBURGER*, J.

MEMORANDUM BY MURRAY, J.:                    **FILED AUGUST 09, 2019**

Charles Lanza, II (Appellant) appeals from the judgment of sentence imposed after the trial court convicted him of disorderly conduct, 18 Pa.C.S.A. § 5503(a)(4).  Upon review, we remand with instructions.

The charge arose from an incident that occurred on February 15, 2018, when Appellant was involved in an altercation with security personnel at the entrance of the Lebanon County Municipal Building. **See** Trial Court Opinion, 4/8/19, at 4-7.  On October 5, 2018, due to a conflict of interest noted by the Lebanon County Public Defender's Office, the trial court appointed Attorney R. Scot Feeman, Esq. (Counsel) to represent Appellant.  **See** Order, 10/5/18, at 1.  At the conclusion of a bench trial, the trial court found Appellant guilty of summary disorderly conduct and sentenced him to pay a fine of $50 with no further penalty imposed.  **See** N.T., 1/22/19, at 42.  The trial court also

_____

*   Retired Senior Judge assigned to the Superior Court.

directed Counsel to "stay in this case through the direct appeal[.]" N.T., 1/22/19, at 42.

Appellant did not file post-sentence motions. Instead, Appellant filed a notice of appeal on February 4, 2019. Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents three issues for our review:

1. Whether the verdict of guilty on Count 1, Disorderly Conduct was against the weight and sufficiency of the evidence and testimony presented at trial?

2. Whether the [c]ourt committed prejudicial error in finding that the Appellant's counsel could not develop testimony as to why [Appellant] said the reason he had his cell phone out in the first place.

3. Whether the [c]ourt committed prejudicial error in finding that the County's practice in barring public cell phones from the third floor of the Municipal Building extended to other areas of the structure.

Appellant's Brief at 15.[1]

In reviewing Appellant's brief, we are constrained to find all issues waived for failure to comply with the Pennsylvania Rules of Appellate Procedure.

_____

[1] Appellant's Rule 1925(b) statement raises an additional claim not presented in his appellate brief. **See** Rule 1925(b) Statement, 3/21/19, at 1. However, because Appellant abandoned the claim in his brief, we will not address it. **See** Appellant's Brief at 15; **see also Commonwealth v. Briggs**, 12 A.3d 291, 310 n.19 (Pa. 2011), *cert. denied*, 132 S. Ct. 267 (2011) (refusing to address claim appellant raised with trial court but subsequently abandoned in brief).

Rule 2111(a)(8) of the Pennsylvania Rules of Appellate Procedure requires that every appellant's brief shall contain, *inter alia*, a distinct section setting forth its relevant legal arguments in support of its questions involved. Pa.R.A.P. 2111(a)(8). Rule 2119 further mandates:

**(a) General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

**(b) Citations of authorities.** Citations of authorities in briefs shall be in accordance with Pa.R.A.P. 126 governing citations of authorities.

**(c) Reference to record.** If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears (*see* Pa.R.A.P. 2132).

**(d) Synopsis of evidence.** When the finding of, or the refusal to find, a fact is argued, the argument must contain a synopsis of all the evidence on the point, with a reference to the place in the record where the evidence may be found.

**(e) Statement of place of raising or preservation of issues.** Where under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the argument must set forth, in immediate connection therewith or in a footnote thereto, either a specific cross-reference to the page or pages of the statement of the case which set forth the information relating thereto as required by Pa.R.A.P. 2117(c), or substantially the same information.

Pa.R.A.P. 2119(a)-(e).

Our Supreme Court has stated:

> The briefing requirements[,] scrupulously delineated in our appellate rules[,] are not mere trifling matters of stylistic preference; rather, they represent a studied determination by our Court and its rules committee of the most efficacious manner by which appellate review may be conducted so that a litigant's right to judicial review . . . may be properly exercised. Thus, we reiterate that compliance with these rules by appellate advocates . . . is mandatory.

***Commonwealth v. Perez***, 93 A.3d 829, 837-38 (Pa. 2014).

Moreover, "while a person convicted of a crime is guaranteed the right to direct appeal under Article V, Section 9, of the Pennsylvania Constitution, where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." ***Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) (citations omitted). ***See also*** Pa.R.A.P. 2101 ("Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.").[2] Our Supreme Court has long held that it is not this Court's obligation to formulate arguments on behalf of an appellant. ***Johnson***, 985 A.2d at 924.

Upon review of Appellant's brief, we note a multitude of glaring errors and omissions that constitute clear violations of the Rules of Appellate

---

[2] ***See also Commonwealth v. Franklin***, 823 A.2d 906, 910 (Pa. Super. 2003) ("These rules ensure that a brief serves its purpose-to permit the appellate court to address the assignments on their merits.") (footnote omitted).

Procedure, and more significantly, deprive us of a basis upon which to review Appellant's claims. ***Commonwealth v. Hakala***, 900 A.2d 404, 406 (Pa. Super. 2006). As delineated above, Appellant presents three questions for our review. ***See*** Appellant's Brief at 15. However, the argument section of his brief, which spans a cursory 2¼ pages, is not divided into as many parts as there are questions to be argued; does not have separate, distinctive headings for each question involved; fails to include citations to and analysis of any **relevant** legal authority; is void of citations to any evidence of record in support of his alleged errors; and pertinent to at least one of his questions involved, fails to provide a statement of how he preserved the issue(s) with the trial court. ***See*** Appellant's Brief at 19-21; ***see also Commonwealth v. Johnson***, 889 A.2d 620, 623 (Pa. Super. 2005) ("[A] brief containing such defective argument that appellate review is precluded has the same result as filing no brief at all.") (citation omitted); ***Commonwealth v. Franklin***, 823 A.2d 906, 910 (Pa. Super. 2003) ("A brief containing argument like this has the same result as filing no brief at all.").

Moreover, Appellant's argument section fails to provide support for **any** of his three issues raised, effectively divesting this Court of any meaningful basis for which to review his claims. In fact, a portion of Appellant's argument section appears to address a factual pattern not even presently at-issue. ***See id.*** at 20-21 ("The Commonwealth did not present any evidence, direct or circumstantial that proves beyond a reasonable doubt that the Appellant **had**

**control of the vehicle or possessed the capacity to control the vehicle**.").

In addition to the fatal deficiencies of the argument section, we note Appellant's brief contains multiple other errors. ***See, e.g.,*** Appellant's Brief at 1 (citing the "December 29, 2017 order of the Hon. Charles T. Jones, Jr." as the final order appealed from); Appellant's Brief at 14 (stating the scope and standard of review "from a decision stemming from a Post-Conviction Relief Act (PCRA) proceeding.").

In sum, Appellant's patently defective brief submitted to this Court deprives us of any meaningful basis for which to review any of Appellant's claims. We therefore conclude that **all** three of Appellant's questions presented are waived.

Because all of Appellant's issues have been waived for purposes of our review, pursuant to **Commonwealth v. Rosado**, 150 A.3d 425 (Pa. 2016), we are constrained to hold that Appellant's Counsel was *per se* ineffective by filing a wholly defective appellate brief. Our Supreme Court in **Rosado** explained:

> The Sixth Amendment to the United States Constitution provides that "in all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The right to counsel is not a mere hollow formality satisfied by trial alongside a person who happens to be a lawyer, but, instead, is the right to the effective assistance of counsel.
>
> Generally, an accused asserting that he has been denied his constitutional right to effective assistance of counsel must

demonstrate that counsel engaged in errors which caused him prejudice—i.e., that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different . . . However, in certain limited circumstances, including the actual or constructive denial of counsel, prejudice may be so plain that the cost of litigating the issue of prejudice is unjustified, and a finding of ineffective assistance of counsel *per se* is warranted.

\* \* \*

[T]his Court has . . . held that **errors which *completely* foreclose appellate review amount to a constructive denial of counsel and thus ineffective assistance of counsel *per se***, whereas those which only *partially* foreclose such review are subject to the ordinary [***Strickland v. Washington***, 104 S. Ct. 2052 (U.S. 1984)]/[***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987)] framework.

***Rosado***, 150 A.3d at 431-32, 438-39 (some citations and footnotes omitted, emphasis added).

The argument section of Appellant's brief is so inadequate that it has waived all claims on appeal, and therefore, "[C]ounsel has forfeited all meaningful appellate review." ***Rosado***, 150 A.3d at 440; ***see also Johnson***, 889 A.2d at 623. As evidenced by Counsel's waiver of all three of his questions presented, Appellant was denied the assistance of counsel. Thus, Counsel was *per se* ineffective, and we remand the matter to the trial court for the appointment of new counsel to represent Appellant on appeal.

For the foregoing reasons, we remand Appellant's case to the trial court. Upon remand, we direct the trial court to withhold compensation from Counsel for his appointment and representation in this matter. We further direct the trial court to make a determination as to whether or not Appellant is still

- 7 -

eligible for court-appointed representation. If so, the trial court is directed to appoint competent appellate counsel within fifteen days of the date of this memorandum. Following his or her appointment, new counsel shall undertake all appropriate measures, including, if deemed necessary, the filing of a cogent appellate brief on the behalf of Appellant.

Case remanded with instructions. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/9/2019