J-A28036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HUN OH | : | |
| | : | |
| Appellant | : | No. 825 EDA 2019 |

Appeal from the Judgment of Sentence Entered February 14, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0005108-2017

BEFORE: PANELLA, P.J., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED DECEMBER 23, 2019**

Appellant Hun Oh appeals from the Judgment of Sentence entered in the Court of Common Pleas of Montgomery County on February 14, 2019, following a non-jury trial. We affirm.

The trial court set forth the facts and procedural history herein as follows:

### A. Factual History

On April 20, 2017, at approximately 3:40 pm; [Appellant's] twelve year old son ("D.O")[1] returned from school to his home located at 500 Susan Circle, North Wales in Montgomery County.[2] After about five to ten minutes, [Appellant] came downstairs into the living room, visibly angry at the sight of D.O. on his phone.[3] [Appellant] angrily interrogated D.O. for a few brief minutes before D.O., fearing his father may attack him fled the escalating

---

[*] Former Justice specially assigned to the Superior Court.

[1] D.O.'s date of birth is March 29, 2005.

situation, and ran up the stairs, with [Appellant] in pursuit, ultimately seeking refuge by locking himself in the bathroom.[4] [Appellant] unlocked the bathroom door with a key and upon entering, caused D.O. to fall back into the tub.[5] [Appellant] then lunged at D.O., choking his neck with both hands.[6] D.O. fought off his father by scratching his arm and then ran to his own bedroom.[7] [Appellant] followed D.O., cornering him on his bed, where he proceeded to punch D.O. repeatedly in the side of his stomach, before choking him again.[8] D.O. screamed for [Appellant] to get off of him, and when [Appellant] let go, D.O. ran downstairs and fled for the home of his neighbor, Young Seun Lee ("Ms. Lee").[9] Upon answering the door, Ms. Lee immediately saw D.O. was crying, seemed to be in shock, and had a scratch mark under his right eye.[10] When Ms. Lee asked D.O. what was wrong, he reported that his father had hit him and asked Ms. Lee to call his mother, Jackie Kim ("Ms. Kim").[11] Immediately after calling Ms. Kim, Ms. Lee drove D.O. to Jaihson Medical Center, D.O.'s mother's place of employment.[12] Ms. Kim examined her son and discovered a mark on his right eye and noted that his face was swollen from the assault.[13] After Ms. Kim's shift was over, she and D.O. waited outside for a while before returning home late that night.[14] Upon returning home, [Appellant] screamed at D.O. and Ms. Kim that he was going to make them leave the house before Ms. Kim took D.O. to stay the night in the bedroom with her.[15]

The next day at school, on April 21, 2017, D.O. shared details of the assault with two of his friends. Both of his friends and his teacher who overheard the conversation, insisted that D.O. report the incident to the school counselor, Toby Sterling ("Sterling").[16] D.O. then reported to Sterling's office and shared a detailed account of the attack by his father. Sterling recalled that D.O. was visibly upset and experienced pain and difficulty in discussing the assault.[17] Sterling filed a report with Child Line immediately following the conversation with D.O. and took D.O. to the school nurse to be examined.[18] Marisa Green ("Ms. Green"), the school nurse, observed a light bruise on D.O.'s lower cheek and noted that D.O. suffered pain when moving his neck, swallowing, and speaking.[19] Ms. Green immediately called Ms. Kim, advising her that D.O. should be taken to the hospital for a complete examination, which advice Ms. Kim followed by reporting to Grand View Hospital that same day of April 21, 2017.[20] On April 28, 2017, Ms. Kim petitioned for and was granted a temporary protection from abuse order on behalf of D.O.[21] On April 21,2017, Detective Ricardo DeJesus ("Det. DeJesus") reported to Montgomery County Police Department to interview D.O. and

afterwards proceeded to schedule a Mission Kids interview for D.O. on April 28, 2017.[22]

### B. Procedural History

The Commonwealth ultimately charged [Appellant] with the following six (6) counts on Bill of lnformation 5108-17: Count One (Strangulation-F2,) Count Two (Simple Assault-M2,) Count Three (Recklessly Endangering Another Person ("REAP") -M2,) Count Four (Endangering the Welfare of a Child- Ml,) and Count Five (Harassment-S).[23] On August 29, 2018, the case proceeded to a two-day bench trial after which the Court found [Appellant] guilty on the following: Count Two (Simple Assault-M2) and Count Four (Endangering the Welfare of a Child-Ml).[24]

[Appellant] did not file a Post-Sentence Motion.[2] On March 14, 2019, [Appellant] filed a timely Notice of Appeal challenging the imposition of his sentence. On April 9, 2019, [Appellant] filed a timely Concise Statement of Matters Complained of On Appeal, pursuant to Pa. R.A.P. 1925(b).

_____

[2][N.T. 8/29/18, at 42, 46, 125, 167].
[3][N.T 8/29/18, at 47-48].
[4][N.T. 8/29/18, at 48-49].
[5] [N.T. 8/29/18, at 49-50].
[6][N.T 8/29/18, at 51-52].
[7][N.T. 8/29/18, at 51-52, at Ex. C-4].
[8][N.T. 8/29/18, at 55-61].
[9][N.T. 8/29/18, at 61-62].
[10][N.T. 8/29/18, at 91-92].
[11]*[Id.].*
[12][N.T. 8/29/18, at 62-63].
[13][N.T. 8/29/18, at 105].
[14][N.T. 8/29/18, at 107].
[15]*[Id.].*
[16][N.T. 8/29/18, at 66].
[17][N.T. 8/29/18, at 135-36].
[18][N.T. 8/29/18, at 137-138, at Ex C-7].
[19][N.T. 8/29/18, at 144-145, at Ex C-8].

_____

[2] Appellant was sentenced to five years' probation and ordered to have no contact with D.O. unless permitted by a custody order. Appellant also was required to pay the costs of prosecution, attend anger management classes, and take part in parenting classes.

[20][N.T. 8/29/18, at 107-109].
[21][N.T. 8/29/18, at 110].
[22][N.T. 8/29/18, at 156-157, at Ex C-1 I].
[23]18 Pa. C.S. §§ 2718(a)(I), 2701(a)(l), 2705, 4304(a)(l), 2709(a)(I).

Trial Court Opinion, filed 7/9/19, at 1-4.

In his brief, Appellant presents the following issues for this Court's review:

> A.    Whether the [t]rial [c]ourt erred in admitting testimony from Karen Dougherty, a nurse, whose testimony was based on hearsay.
>
> B.    Whether the failure of defense counsel at trial to present exculpatory evidence constitutes ineffective assistance of counsel.

Brief for Appellant at 4.

Preliminarily, we could find Appellant's claims waived for his failure to present them properly in his concise statement.   As this Court recently stated:

> [I]ssues not raised in a Rule 1925(b) statement will be deemed waived for review. An appellant's concise statement must properly specify the error to be addressed on appeal. In other words, the Rule 1925(b) statement must be "specific enough for the trial court to identify and address the issue [an appellant] wishe[s] to raise on appeal." ***Commonwealth v. Reeves***, 907 A.2d 1, 2 (Pa.Super. 2006), ***appeal denied***, 591 Pa. 712, 919 A.2d 956 (2007). "[A] [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all." ***Id***. The court's review and legal analysis can be fatally impaired when the court has to guess at the issues raised. Thus, if a concise statement is too vague, the court may find waiver. ***Commonwealth v. Scott***, 212 A.3d 1094, 1112 (Pa.Super. 2019) (citation omitted).

***Commonwealth v. Sexton,*** 2019 WL 5540999 at *4 n. 3 (Pa.Super. Oct. 28, 2019).

Herein, Appellant's concise statement reads like a narrative wherein he mentions the trial court's allegedly erroneous admission of Ms. Dougherty's testimony and trial counsel's ineffectiveness. This inarticulate framing arguably resulted in a concise statement that is not specific enough for the trial court to identify and consider the issues Appellant has raised on appeal. However, because this has not fatally impaired the trial court's legal analysis in its Rule 1925(a) Opinion, we will not deem his issues to be waived for failure to preserve them properly in his concise statement. Notwithstanding, Appellant has waived his initial claim.

Pennsylvania Rule of Appellate Procedure 302 unequivocally provides that issues not raised in the lower court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). This is a fundamental rule of appellate practice. Our Supreme Court has stated:

> [I]t is axiomatic that issues are preserved when objections are made timely to the error or offense. **See Commonwealth v. May**, 584 Pa. 640, 887 A.2d 750, 761 (2005) (holding that an "absence of contemporaneous objections renders" an appellant's claims waived); and **Commonwealth v. Bruce**, 207 Pa.Super. 4, 916 A.2d 657, 671 (2007), **appeal denied**, 593 Pa. 754, 932 A.2d 74 (2007) (holding that a "failure to offer a timely and specific objection results in waiver of" the claim). Therefore, we shall consider any issue waived where Appellant failed to assert a timely objection.

**Commonwealth v. Baumhammers**, 599 Pa. 1, 23, 960 A.2d 59, 73 (2008).

Herein, after stipulating to Ms. Dougherty's expertise in forensic and emergency nursing on voir dire, Appellant never objected on the record to her testimony either on hearsay or on any other grounds during direct

examination. N.T. 8/29/18, at 20-33. In fact, after Ms. Dougherty was subjected to a thorough cross-examination, the Commonwealth asked that Ms. Dougherty be excused. *Id*. at 33-39. The trial court questioned whether defense counsel had any objection, to which he replied "No Objection. Thank you." *Id*. at 39. In light of the foregoing, we find this issue is waived.[3]

---

[3] Even if Appellant properly had preserved this issue for our review by contemporaneously raising an objection, we note his appellate brief contains substantial defects which prevent meaningful review and, therefore, would warrant waiver of this claim. For one, the brief is not divided into as many parts as there are questions to be decided, nor does it contain separate and distinctive headings for each question involved. In addition, Appellant's argument is comprised of bald assertions with no citations to and analysis of any relevant legal authority to support them. *See* Appellant's Brief at 8-14; Pa.R.A.P. 2119(a),(b)(stating, *inter alia*, the argument "shall be divided into as many parts as there are questions to be argued. . ." and must contain "discussion and citation of authorities as are deemed pertinent."); *see also Commonwealth v. Johnson*, 889 A.2d 620, 623 (Pa.Super. 2005) ("[A] brief containing such defective argument that appellate review is precluded has the same result as filing no brief at all.") (citation omitted); *Commonwealth v. Franklin*, 823 A.2d 906, 910 (Pa.Super. 2003) ("A brief containing argument like this has the same result as filing no brief at all.").

Moreover, Appellant's discussion asserts new claims not presented in his concise statement or delineated in the questions presented portion of his brief. For example, he asserts his rights under the Civil Rights Act of 1964 and the Fourteenth Amendment to the United States Constitution were violated by the Commonwealth's failure to provide an adequate interpreter. *See* Brief for Appellant at 12. Thus, Appellant's patently defective brief deprives us of any meaningful basis upon which to review his initial claim. We, therefore, would conclude that this first question presented is waived on this basis as well.

In his second issue, Appellant presents numerous challenges to counsel's effectiveness. In its Rule 1925(a) Opinion, the trial court found it was precluded from reviewing this claim on direct appeal due to the inadequacy of the record before it. Trial Court Opinion, filed 7/9/19, at 6. We agree.

In *Commonwealth v. Holmes*, 621 Pa. 595, 79 A.3d 562 (2013), the Pennsylvania Supreme Court reaffirmed its previous holding in *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002) that, absent certain circumstances, claims of ineffective assistance of counsel should be deferred until collateral review under the Post Conviction Relief Act. *Holmes*, 79 A.3d at 576. As the Court later explained:

> We recently held in *Holmes* that claims of ineffective assistance of counsel litigated after our decision in *Grant* are not generally a proper component of a defendant's direct appeal. In *Holmes*, this Court reaffirmed the general rule of deferral established in *Grant*, and disapproved of expansion of the so-called *Bomar*[4] exception, which allowed for the presentation of ineffectiveness claims on direct appeal if the trial court held an evidentiary hearing and disposed of the ineffectiveness claims in its opinion. This Court in *Holmes* limited the *Bomar* exception to its pre-*Grant* facts. We further recognized two exceptions to the *Grant* deferral rule, both falling within the discretion of the trial court. First, we held that trial courts retain discretion, in extraordinary circumstances, to entertain a discrete claim of trial counsel ineffectiveness if the claim is both apparent from the record and meritorious, such that immediate consideration best serves the interest of justice. Second, we held that trial courts also have discretion to entertain prolix claims of ineffectiveness if there is a good cause shown and the unitary review thus permitted is accompanied by a knowing

---

[4] *Commonwealth v. Bomar*, 573 Pa. 426, 826 A.2d 831 (2003), *cert. denied*, 540 U.S. 1115, 124 S.Ct. 1053 (2004).

and express waiver by the defendant of the right to pursue a first PCRA petition.

***Commonwealth v. Arrington***, 624 Pa. 506, 86 A.3d 831, 856–57 (2014).

***See also Commonwealth v. Radecki***, 180 A.3d 441, 471–72 (Pa.Super. 2018).

In the instant case, Appellant did not file a post-sentence motion challenging counsel's ineffectiveness, nor did he execute a PCRA waiver. He does not otherwise attempt to show "good cause" in his undeveloped appellate brief as to why his claims of ineffective assistance of counsel should be decided on unitary review. Accordingly, Appellant is not entitled to relief on this claim at this time and is permitted to raise any ineffectiveness claims on collateral review without prejudice.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/23/19