J-S17024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                           :             PENNSYLVANIA
                                                            :

                 v.                                            :
                                                              :

                                                              :

ANTWAN WHITE                                    :
                                                              :

                 Appellant            :      No. 1950 EDA 2018

Appeal from the PCRA Order Entered June 22, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003484-2007,
CP-51-CR-0003485-2007

BEFORE:  BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                     **FILED APRIL 29, 2019**

Appellant, Antwan White, appeals from the order entered on June 22, 2018, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We vacate the order of the PCRA court and remand for further proceedings.

The PCRA court summarized the relevant factual history of the case as follows.

> While [Appellant] was on nominal bail for the charges arising out of [a previous] incident [on] July 23, 2004,[1] he committed another crime on December 29, 2006.  At around 6:30 p.m. that day, Manh Doan ("[Mr.] Doan") was returning a vehicle to a friend on the 2800 block of Bittern Place. [Mr.] Doan was approached by [Appellant] and another man, both armed with guns, who demanded his car and money.  The males then took the 1994

_____

[1] At docket number 1208511-2004.

Mercury Grand Marquis, two cell phones, and four dollars ($4[.00]) and fled the scene.

[] Officer Michael Williams, who was off-duty, observed the incident and gave chase. Officer Williams followed the vehicle all the way to the area of 6500 Eastwick Avenue, where the males stopped the stolen vehicle. The male in the passenger side of the vehicle exited, fired multiple times at Officer Williams, and got back into the vehicle. As the two males fled over the Passayunk Avenue Bridge, they fired their guns at Officer Williams[,] who continued to pursue them. At that point, Officer Williams got out of his car and returned fire at the stolen vehicle. The males in the stolen vehicle turned off the bridge and into the Sunoco refinery across the road. Officer Williams followed the vehicle into the police traffic division parking lot entrance. The males in the stolen vehicle made a U-turn and drove toward Officer Williams[,] who discharged his weapon as they passed him. Officer Williams continued to follow them. The two males stopped the stolen vehicle at 6th and Ritner Streets and fled on foot. The driver of the stolen vehicle was later identified as [Appellant]. [Appellant] was arrested at 6th and Wolf Streets by Officer Williams and other responding police officers. The passenger escaped, but was later identified and apprehended. As a result of this December 29, 2006 incident, the Commonwealth initiated two additional complaints against [Appellant].[2]

Trial Court Opinion, 10/5/2018, at 2-3.

On July 7, 2007, Appellant pled guilty to attempted murder,[3]

conspiracy,[4] robbery of a motor vehicle,[5] and carrying a firearm without a

---

[2] The Commonwealth charged Appellant at two docket numbers; docket number 3484-2007 charged Appellant for crimes against Mr. Doan and docket number 3485-2007 charged him for crimes against Officer Williams.

[3] 18 Pa.C.S.A. § 901(a).

[4] 18 Pa.C.S.A. § 903(a)(1).

[5] 18 Pa.C.S.A. § 3702(a).

license.[6]  On July 27, 2007, the trial court sentenced Appellant to an aggregate

term of 15 to 30 years' incarceration.[7]  Appellant did not immediately file a

direct appeal.  On March 28, 2008, Appellant filed a *pro se* PCRA petition,

alleging ineffective assistance of counsel for failure to file a direct appeal.  The

trial court then reinstated Appellant's direct appeal rights *nunc pro tunc*.  On

September 28, 2010, this Court affirmed Appellant's judgment of sentence,

stating,

> [b]ased on the deficient record at hand, we have no way of
> determining if Appellant's challenge to the discretionary aspects
> of his sentences has been properly preserved.  We decline to
> expend time, effort, and manpower scouting around chambers
> and offices for the purpose of unearthing Appellant's
> post-sentence motion or the PCRA court's order reinstating
> Appellant's direct appeal rights.  Consequently, we are compelled
> to consider his challenge waived without prejudice to Appellant's
> rights under the PCRA.

*Commonwealth v. White*, 13 A.3d 996 (Pa. Super. 2010) (unpublished

memorandum) (internal quotation and citation omitted).  On August 8, 2011,

_____

[6] 18 Pa.C.S.A. § 6106(a)(1).

[7] Appellant's aggregate sentence of 15 to 30 years' incarceration, which the trial court imposed on July 27, 2007, arose from offenses charged at three separate docket numbers.  Five to ten years of Appellant's aggregate sentence related to charges filed at docket number 1208511-2004.  Although this punishment was imposed on July 27, 2007, Appellant filed a separate PCRA petition to challenge that sentence.  Thus, the sentence challenged in the instant PCRA petition, and which is the focus of this appeal, directed Appellant to serve ten to 20 years in prison.

our Supreme Court denied further review. *See Commonwealth v. White*, 26 A.3d 483 (Pa. 2011). Appellant did not petition the Supreme Court of the United States for *certiorari*, thus, his judgment of sentence became final on November 7, 2011. U.S. Supreme Court Rule 13.

Appellant filed a *pro se* PCRA petition on February 2, 2012. The PCRA court appointed counsel and four amended petitions were subsequently filed. The PCRA court denied the petition on June 22, 2018. This appeal followed.[8]

Appellant presents the following issues for our review:

1. Was counsel ineffective for failing to ensure that the [certified appellate record on direct appeal] was complete so that this Court could determine whether [] Appellant's challenge [to] the discretionary aspects of the sentence were properly preserved?

2. Was [] Appellant subjected to an illegal sentence?

Appellant's Brief at 9.

---

[8] Appellant filed identical notices of appeal, at docket numbers 3484-2007 and 3485-2007, on July 5, 2018. Pursuant to Pa.R.A.P. 1925(b), the PCRA court ordered Appellant on July 9, 2018, to file a concise statement of matters complained of on appeal. Appellant complied on July 30, 2018, and the PCRA court filed its 1925(a) opinion on October 5, 2018.

On August 31, 2018, this Court issued an order directing Appellant to show cause, within ten days, why his appeal should not be quashed pursuant to *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018)(holding that Pa.R.A.P. 341 mandates that, where a single order disposes of issues arising on multiple dockets, separate notices of appeal must be filed for each docket number or the appeal shall be quashed). Appellant's response to our order included separate, time-stamped copies of the notices, at docket numbers 3484-2007 and 3485-2007. Because separate notices of appeal were filed, quashal of this appeal is not warranted.

In his first issue, Appellant argues that his appellate lawyer rendered ineffective assistance of counsel by failing to transmit a complete record to this Court. "Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted).

Generally, to prevail on an ineffective assistance of counsel claim, Appellant must plead and prove that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." **Commonwealth v. Johnson**, 179 A.3d 1153, 1158 (Pa. Super. 2018) (citation omitted). "A petitioner's failure to satisfy any prong of this test is fatal to the claim." **Commonwealth v. Wholaver**, 177 A.3d 136, 144 (Pa. 2018) (citation omitted).

We have held that, "an accused who is deprived *entirely* of his right of direct appeal by counsel's failure to perfect an appeal is *per se* without the effective assistance of counsel, and is entitled to reinstatement of his direct appellate rights [*nunc pro tunc*]." **Commonwealth v. Johnson**, 889 A.2d 620, 622 (Pa. Super. 2005) (emphasis added). Reinstatement under such circumstances is "without regard to his ability to establish the merit of the

- 5 -

issues which he seeks to raise on direct appeal." ***Commonwealth v. Franklin***, 823 A.2d 906, 909 (Pa. Super. 2003) (citation omitted).

In both ***Johnson*** and ***Franklin***, this Court held that where appellate counsel fails to comply with the appellate rules of procedure regarding briefs such that this Court cannot consider the merits of appellant's claim, appellant is entitled to reinstatement of his appellate rights without proof that his claim has merit. Such a failure is especially significant where it leads to waiver of the only claim appellant sought to advance.[9] ***Johnson***, 889 A.2d at 623.

Here, direct appeal counsel failed to transmit a complete record to this Court. Specifically, appellate counsel did not include Appellant's post-sentence motion in the record. As such, this Court was unable to determine whether Appellant properly preserved his challenge to the discretionary aspects of his sentence. Hence, Appellant's sole challenge on direct appeal was waived due to counsel's failure. Therefore, Appellant has yet to obtain a "*full*, *fair*, and *counseled* opportunity to present his claims," and he is entitled to reinstatement of his direct appeal rights. ***Franklin***, 823 A.2d at 909 (emphasis in original). Accordingly, we must vacate the order

---

[9] "It is true that there is no absolute right to challenge the discretionary aspects of a sentence. There is, however, a right to *seek* appellate review of the discretionary aspects of a sentence[.]" ***Johnson***, 889 A.2d at 623.

denying Appellant's PCRA petition and direct the trial court to reinstate Appellant's direct appeal rights *nunc pro tunc*.

In his second issue, Appellant contends he is serving an illegal sentence. Appellant claims that his sentence is illegal based on ***Alleyne v. United States***, 570 U.S. 99 (2013).[10]  Although we will not reach the merits of this claim presently, we write briefly to clarify some uncertainty surrounding the issue.

In short, on June 17, 2013, the Supreme Court of the United States held in ***Alleyne*** that any fact that increases the minimum sentence for a crime must be treated as an element of the crime and found beyond a reasonable doubt.  ***Alleyne*** announced a new constitutional rule, and "[t]he effect was to invalidate a range of Pennsylvania sentencing statutes predicating mandatory minimum penalties upon non-elemental facts and requiring such facts to be determined by a preponderance of the evidence at sentencing." ***Commonwealth v. Washington***, 142 A.3d 810, 812 (Pa. 2016).  Notably, "a new [constitutional] rule is generally applicable only to cases that are still on direct review." ***Commonwealth v. Riggle***, 119 A.3d 1058 (Pa. Super.

---

[10] A claim challenging the legality of a sentence is cognizable under the PCRA. ***See Commonwealth v. Holmes***, 933 A.2d 57, 60 (Pa. 2007) (finding legality of sentence is always subject to review within the PCRA, as long as the claim satisfies the Act's time limitations).  However, we will not reach the merits of this claim at this time.

2015) (citation omitted). In **Washington**, our Supreme Court held that **Alleyne** does not apply retroactively to cases pending on collateral review.

In light of that, the PCRA court dismissed Appellant's **Alleyne** challenge as meritless. It reasoned that Appellant's judgment of sentence became final in November of 2011, more than a year before the rule in **Alleyne** was announced, so he could not benefit from that rule in the instant collateral petition. The PCRA court is correct in that regard. However, as discussed **supra**, due to the *per se* ineffective assistance of counsel Appellant received on direct review initially, we are remanding the case for reinstatement of Appellant's direct appeal rights. Given the procedural posture this case will assume on remand, the rule announced in **Alleyne** would apply, assuming Appellant can establish that he was ordered to serve a mandatory minimum sentence that ran afoul of his constitutional rights. Based on the record before us, it is unclear whether Appellant is actually serving an illegal mandatory minimum sentence.

Neither Appellant nor the PCRA court identified a mandatory minimum sentence that was imposed in this case. In his brief, Appellant discusses **Alleyne** and its progeny at length, but he does not identify an illegal sentence that he is serving. Similarly, the PCRA court did not identify which of Appellant's charges resulted in a mandatory minimum sentence. Therefore, we offer no opinion on the merits of Appellant's **Alleyne** challenge. However, should Appellant choose to pursue this issue once his direct appeal rights are

reinstated, the relevant mandatory minimum sentence should be identified.

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/29/19