J-S39009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RASHEED WITTS | : | |
| | : | |
| Appellant | : | No. 860 EDA 2019 |

Appeal from the PCRA Order Entered March 4, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0311351-2004,
CP-51-CR-0700421-2005

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RASHEED WITTS | : | |
| | : | |
| Appellant | : | No. 861 EDA 2019 |

Appeal from the PCRA Order Entered March 4, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0311351-2004,
CP-51-CR-0700421-2005

BEFORE:   LAZARUS, J., OLSON, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED DECEMBER 07, 2020**

Rasheed Witts appeals from the order, entered in the Court of Common

Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post-

Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.   After careful

_____

[*] Retired Senior Judge assigned to the Superior Court.

review, we vacate, remand, and reinstate Witts' direct appeal rights *nunc pro tunc*.

On August 26, 2005, Witts entered a negotiated guilty plea, under two separate docket numbers, to one count each of possession with intent to deliver a controlled substance (PWID)[1] and criminal conspiracy[2] (CP-51-CR-0311351-2004) and one count of PWID (CP-51-CR-0700421-2005). Witts was sentenced to 11½ to 23 months of incarceration, with immediate concurrent parole on each count, plus one year of reporting probation.

On October 19, 2005, and December 28, 2005, Witts was arrested and charged with PWID. On July 7, 2006, and July 17, 2006, Witts pled guilty to both charges, respectively, and received an Intermediate Punishment (IP) Program sentence.[3] On November 22, 2006, the court found Witts directly violated his probation, terminated his parole, revoked his probation and sentenced him to 11½ to 23 months' imprisonment, plus three years of reporting probation with immediate parole to house arrest. The probation violation sentence was ordered to run concurrent on all counts and also concurrent with his July 2006 sentence. On May 1, 2007, Witts was arrested again for PWID. Although he was ultimately found not guilty of the charge,

---

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S.A. § 903.

[3] ***See*** 42 Pa.C.S. § 9721(a)(6) (listing county IP as sentencing alternative); ***see also id.*** at § 9763(a) (general rules for imposing county IP sentence); ***id.*** at § 9804(a) (describing county IP program options).

Witts continued to test positive for various drugs while on probation. On May 8, 2008, the court held a second parole/probation violation hearing and determined that Witts had technically violated his probation. The court revoked Witts' parole and ordered him to serve back time, followed by three years of reporting probation, with immediate parole to house arrest with electronic monitoring. The court reminded Witts that he faced a maximum aggregate term of thirty years' imprisonment, and warned him that if he violated probation again, his sentence would be made consecutive to any sentence he received for a new conviction.

On November 2, 2009, Witts was arrested for and charged again with PWID. On January 21, 2010, Witts was arrested and charged with possession of a controlled substance.[4] After finding him guilty of the possession charge, the court sentenced Witts, on September 28, 2010, to 18 months of probation. On March 9, 2011, Witts was found guilty of PWID and sentenced to 3 to 6 years' incarceration, with credit for time served.

On February 6, 2012, the court found that Witts had directly violated his probation—for the third time. The court terminated Witts' parole, revoked his probation, and sentenced him to consecutive terms of 5 to 10 years of state incarceration on each docket number for PWID; the sentence was also ordered

---

[4] On May 25, 2010, Witts was arrested and subsequently convicted of false identification to law enforcement; however, Witts was sentenced to no further penalty.

to run consecutive to his March 2011 sentence of 3 to 6 years' imprisonment. On the conspiracy charge,[5] Witts was sentenced to 10 years of reporting probation, to run consecutively to his parole. Witts asked the court to reconsider his sentence, informing the court that he had been unable to contact his attorney. On February 21, 2012, Witts filed a *pro se* petition to vacate and reconsider his sentence. On March 7, 2012, Witts asked the public defender to file an appeal. The public defender was removed from the case and new counsel was appointed to represent Witts. Witts filed a notice of appeal and his appellate rights were reinstated *nunc pro tunc*. On appeal, Witts raised two issues: (1) whether the sentence imposed was illegal where it was not based upon the gravity of the offense, the extent of Witts' prior record, the prospect of rehabilitation, and an assessment of mitigating and aggravating factors; and (2) whether the court abused its discretion by imposing a manifestly excessive sentence that because of its consecutive nature is evidence of the court's bias against Witts.

On appeal, our Court found that Witts' revocation probation sentence of two consecutive 5-10 year terms of imprisonment was "within the statutory confines and[,] thus[,] legal." **Commonwealth v. Witts**, 1321 EDA 2012 at *2-*3 (Pa. Super. filed June 28, 2013) (unpublished memorandum decision). The Court determined that Witts' remaining claims implicated the

_____

[5] The court's violation of parole order notes that the conspiracy charge is "[n]on-offense related." Violation of Parole Order—Case Assessment Summary, 2/6/12, at 4.

- 4 -

discretionary aspects of his sentence. *Id.* at *2. However, because Witts failed to include a Pa.R.A.P. 2119(f) statement in his appellate brief and the Commonwealth objected to its omission, our Court found his sentencing claims waived on appeal. *Id.* at *4. In a footnote, our Court alternatively noted that "[e]ven if Witts had properly preserved his sentencing challenge, we would determine that it lacks merit for the reasons set forth by the trial court in its well-reasoned [o]pinion. *See* Trial Court Opinion, 11/2/12, at 8-9." *Id.* at *4 n.1. Witts did not file a petition for allowance of appeal.

On October 10, 2013, Witts filed a timely *pro se* PCRA petition. On July 15, 2016, Peter A. Levin, Esquire, was appointed to represent Witts. On January 20, 2017, Attorney Levin filed an amended PCRA petition seeking, among other things, that Witts be granted the right to file a petition for allowance of appeal *nunc pro tunc*, alleging that "[t]rial counsel was ineffective for failing to advise [Witts] that his Superior Court appeal was denied and that he could file an Allocatur Petition to the Supreme Court of Pennsylvania." Amended PCRA Petition, 1/20/17, at 4-5. On May 18, 2017, the trial court reinstated Witts' appellate rights *nunc pro tunc*. On June 6, 2017, Witts filed a *nunc pro tunc* petition for allowance of appeal, which the Supreme Court denied on September 11, 2017.

Witts filed the instant PCRA petition *pro se* on January 2, 2018. On January 11, 2018, PCRA counsel was appointed; counsel filed an amended petition on November 7, 2018. On January 18, 2019, the court issued Witts Pa.R.Crim.P. 907 notice of its intent to dismiss his petition without a hearing;

- 5 -

Witts did not file a response. On March 15, 2019, the court dismissed Witts' petition without a hearing. Witts filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

On appeal, Witts raises the following issues for our consideration:

(1) Whether the PCRA court erred by dismissing the PCRA petition when evidence was presented that appellate counsel was ineffective for failing to preserve all discretionary sentencing claims by filing a Rule 2119(f) statement.

(2) Whether the PCRA court erred by failing to grant an evidentiary hearing.

Appellant's Brief, at 8.

Instantly, the March 4, 2019 order denying Witts' PCRA petition lists both underlying trial court docket numbers (Nos. 0311351-2004 & 0700421-2005). On March 15, 2019, Witts filed identical notices of appeal for each appeal (860 EDA 2019 & 861 EDA 2019); the notice lists both trial court docket numbers. On April 29, 2019, our Court issued a rule to show cause why Witts' "appeal should not be quashed in light of [**Commonwealth v. **]**Walker**[, 185 A.3d 969 (Pa. 2018)]." Per Curiam Order, 4/29/19.[6]

_____

[6] In May 2019, our Prothonotary was directed to forward copies of *pro se* filings by Witts to Samuel A. DiMatteo, Jr., Esquire, as the record did not indicate that the trial court had granted counsel permission to withdraw. On August 5, 2019, our Court remanded the matter to the trial court for a determination as to whether counsel had abandoned Witts and to determine Witts' eligibility for court-appointed counsel. After a hearing, the trial court determined that counsel did not, in fact, abandon Witts and that Attorney

On September 11, 2019, this Court directed counsel to show cause why the appeal should not be quashed pursuant to **Walker**. On September 17, 2019, counsel filed a response to the rule to show cause, stating "Counsel has made corrections to its Case Management system, to assure to . . . make adjustments to account for [t]he Rules of Appellate Procedure and [s]pecifically **Com**[**.**] **v. Walker**[.]" Response to Order to Show Cause, 9/17/19, at ¶ 32.[7] However, on December 9, 2019, in consideration of Witts' response, our Court referred the **Walker** issue to the panel assigned to decide the merits of the appeal. Per Curiam Order, 12/9/19.

Thus, before addressing Witts' claims on appeal, we must first resolve the procedural issue presented in the case. In **Walker**, our Supreme Court found that Pa.R.A.P. 341 and its Official Comment, stating that "[w]here . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed," constituted "a bright-line mandatory instruction to practitioners to file

_____

DiMatteo would remain counsel of record. When Attorney DiMatteo failed to respond to our Court's rule to show cause issued on April 29, 2019, our Court directed counsel to show cause why the appeal should not be quashed pursuant to **Walker**.

[7] In November 2019, counsel failed to file a brief for Witts, so the appeal was remanded for a determination as to whether counsel abandoned Witts on appeal. On December 16, 2019, the trial court issued an order finding that counsel did abandon Witts on appeal, withdrew Attorney DiMatteo from the matter, and appointed appellate counsel, Lawrence J. O'Connor, Jr., Esquire, to represent Witts in both cases below.

separate notices of appeal." **Walker**, 185 A.3d at 976-77. The failure to do so requires the appellate court to quash the appeal. **Id.** at 977.

Recently, our full Court revisited the **Walker** holding in **Commonwealth v. Johnson**, 236 A.3d 1141 (Pa. Super. 2020) (en banc)[8] and **Commonwealth v. Larkin**, 235 A.3d 350 (Pa. Super. 2020) (en banc). In those cases, our Court concluded that "in so far as **Creese**[9] stated 'a notice of appeal may contain **only one** docket number[,]' . . . that pronouncement is overruled." **See Johnson**, **supra** at 1148 (emphasis in original); **see also Larkin**, **supra** at 352 (recognizing that **Johnson** "expressly overruled **Creese** to the extent that **Creese** interpreted **Walker** as requiring the Superior Court to quash appeals when an appellant, who is appealing from multiple docket numbers, files notices of appeal with all of the docket numbers listed on each notice of appeal.").

Similar to the defendant in **Larkin**, Witts filed identical notices of appeal for his two cases below that listed both trial court docket numbers. Since it "is of no consequence" that Witts' notices of appeal contained more than one docket number, **Johnson**, **supra** at 1158; **Larkin**, **supra** at 352, and because

---

[8] On November 18, 2020, the Pennsylvania Supreme Court denied Johnson's petitions for allowance of appeal in Nos. 269, 270, 271 & 272 EAL 2020. **See** Order, 11/18/20 at 2.

[9] **See Commonwealth v. Creese**, 216 A.3d 1142, 1144 (Pa. Super. 2019) (construing mandates of **Walker** to mean that "we may not accept a notice of appeal listing multiple docket numbers, even if those notices are included in the records of each case.").

Witts complied with **Walker** by "fil[ing] *separate* appeals from an order that resolves issues arising on more than one docket," **id.** at 977 (emphasis added), we decline to quash the appeal for violating **Walker** and its attendant requirements. Therefore, we shall proceed to address the issues Witts raises on appeal.[10]

Witts claims that the PCRA court improperly dismissed his petition, without a hearing, where counsel was ineffective for failing to include a Rule 2119(f) statement in his appellate brief, thus waiving his discretionary aspects of sentencing claims.

This Court's standard of review regarding an order dismissing a PCRA petition is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Walls**, 993 A.2d 289, 294 (Pa. Super. 2010). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id.** at 294-95. Moreover, "the right to an evidentiary hearing on a [PCRA] petition is not absolute." **Commonwealth v. Jordon**, 772 A.2d 1011, 1014 (Pa. Super. 2001).

> It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to

---

[10] The Commonwealth notes in its brief that it "does not seek quashal based on non-compliance with **Walker**," Appellee's Brief, at 11 n.4, where "the concerns addressed by the **Walker** decision are not at issue here." **Id.** at 12 n.4.

- 9 -

determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Khalifah*, 852 A.2d 1238, 1240 (Pa. Super. 2004) (citations omitted).

In order to succeed on an ineffectiveness claim, an appellant must prove that: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her inaction; and (3) the appellant suffered prejudice because of counsel's ineffectiveness. *Commonwealth v. Pierce*, 527 A.2d 972, 975-76 (Pa. 1987). To establish prejudice, the appellant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. *Commonwealth v. Davido*, 106 A.3d 611, 621 (Pa. 2014).

In limited circumstances prejudice is presumed where counsel's actions amounted to the functional equivalent of having no representation at all. *Commonwealth v. Brown*, 18 A.3d 1147, 1156 (Pa. Super. 2011). "[T]he decision [of] whether to presume prejudice or require an appellant to demonstrate actual prejudice 'turns on the magnitude of the deprivation of the right to effective assistance of counsel.'" *Commonwealth v. Halley*, 870 A.2d 795, 801 (Pa. 2005). "The difference in degree between failures that completely foreclose appellate review, and those which may result in narrowing its ambit, justifies application of the presumption in the more extreme instance." *Id.*

Here, we conclude that counsel's failure to include a Rule 2119(f) statement in Witts' appellate brief resulted in total deprivation of his appellate rights where the issues he raised on direct appeal solely concerned the discretionary aspects of his sentence.

On direct appeal, Witts raised the following issues in his Rule 1925(b) statement:

(1)    Whether the sentence imposed by the trial court after a probation violation hearing was an illegal sentence where the sentence was not based upon the gravity of the violation, the extent of [Witts'] record, prospect of rehabilitation, and an assessment of both [Witts'] mitigating and aggravating factors as noted in 42 Pa.C.S. § 9721[,] et seq[.]

(2)    Whether the trial court abused its discretion by entering a manifestly excessive sentence to such a degree that the consecutive sentences is evidence of the court's bias against or animus toward [Witts].

Pa.R.A.P. 1925(b) Statement, 7/3/12, at 1-2. Although Witts, in his first issue, posits that the sentencing court imposed an illegal sentence, he supports the claim by stating that the court did not consider factors found in section 9721 of the Sentencing Code. Such a question raises an issue with regard to the discretionary aspects of his sentence, not its legality.[11] *See Commonwealth v. Lucky*, 229 A.3d 657 (Pa. Super. 2020); *Commonwealth v. Derry*, 150 A.3d 987 (Pa. Super. 2016). Moreover, in

---

[11] In *Commonwealth v. Robinson*, 931 A.2d 15 (Pa. Super. 2007), our Court set forth examples of the narrow class of cases that constitute an illegal sentence: those that fall outside the parameters prescribed by a statute; double jeopardy claims; *Apprendi* issues; and lack of authority or jurisdiction of court to impose sentence of particular length or type. *Id.* at 21.

- 11 -

his second issue, Witts claims that his sentence was excessive due to its consecutive nature, and that such a sentence demonstrates the court's bias against him. Again, this raises a challenge to the discretionary aspects of his sentence, not the legality of it. *Commonwealth v. Caldwell*, 117 A.3d 763 (Pa. Super. 2015); *Commonwealth v. Williams*, 69 A.3d 735 (Pa. Super. 2013); *Robinson*, *supra*. In fact, on direct appeal, our Court acknowledged that while "Witts purports to raise a challenge to the legality of his sentence[, . . . his] claims are, in fact, a challenge to the discretionary aspects of the sentence, and we will address them as such." *Witts*, *supra* at *2. Thus, we conclude that counsel's failure to include a Rule 2119(f) statement in Witts' appellate brief, coupled with the Commonwealth's objection to its omission, effectively waived all of Witts' issues on appeal.

To the extent that the Commonwealth claims that our Court alternatively reviewed, on the merits, Witts' discretionary sentencing claims in a footnote, we recognize that such a discussion was merely *dicta* and did not constitute the "independent legal review of his case that he was entitled to." *See Commonwealth v. Johnson*, 889 A.2d 620, 624 (Pa. Super. 2005), citing *Commonwealth v. Franklin*, 823 A.2d 906, 910 (Pa. Super. 2003). Moreover, pursuant to *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987), if an appellant fails to include a Rule 2119(f) statement in his or her brief where it is required and the Commonwealth objects, our Court *may not* consider the merits of the discretionary sentencing claim. *See id.* at 19. Thus, Witts was effectively denied representation on appeal, where all of his

claims were considered waived as a result of counsel's failure to file a Rule 2119(f) statement. **Johnson**, **supra** at 623 ("[C]ounsel's failure to include a Pa.R.A.P. 2119(f) statement in the brief compromised appellant's direct appeal rights."). **See Commonwealth v. Anderson**, 830 A.2d 1013, 1017 (Pa. Super. 2003) (in order to invoke appellate court's jurisdiction over discretionary aspects of sentence, appellant must include Rule 2119(f) statement in brief); **see also Commonwealth v. Montgomery**, 861 A.2d 304, 308 (Pa. Super. 2004) (same).

Accordingly, we are constrained to find that appellate counsel was *per se* ineffective for failing to include a Rule 2119(f) statement in Witts' appellate brief. **See Commonwealth v. Rosado**, 150 A.3d 425, 433 (Pa. 2016) ("[E]rrors which completely foreclose appellate review amount to a constructive denial of counsel and[,] thus[,] ineffective assistance of counsel *per se*, whereas those which only partially foreclose such review are subject to the ordinary [**Pierce**] framework."); **see also Commonwealth v. Hernandez**, 755 A.2d 1, 11-12 (Pa. Super. 2000), *aff'd in part by* 817 A.2d 479 (Pa. 2003) (first two prongs of ineffectiveness test clearly met where counsel fails to follow procedural rules to ensure requested appellate review of criminal defendant's claims). Therefore, we vacate, remand and reinstate Witts' direct appeal rights *nunc pro tunc*. **Johnson**, **supra**.

Order vacated. Case remanded for reinstatement of Witts' right to file direct appeal *nunc pro tunc*. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/7/20