J-S19010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CAROLYN HARRIS | : | |
| | : | |
| Appellant | : | No. 1230 EDA 2021 |

Appeal from the PCRA Order Entered June 16, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0007280-2013

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:             **FILED AUGUST 31, 2022**

Carolyn Harris brings this appeal from the order denying her petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, which sought reinstatement of direct appeal rights. Upon review and the thoroughly explained concession of the Commonwealth, we affirm in part and vacate and remand in part.

In 2013, Harris killed her boyfriend by stabbing him twenty-five times while he was unconscious due to his consumption of drugs and alcohol. At the time of the incident, Harris was high on crack cocaine. Harris alleged that her boyfriend had physically and sexually abused her for years and she killed him in self-defense. She was charged with first-degree murder and related crimes.

_____

[*] Former Justice specially assigned to the Superior Court.

Following a non-jury trial, at which she was represented by privately retained counsel, Harris was convicted of third-degree murder and possessing an instrument of crime. On March 24, 2017, the trial court sentenced her to serve an aggregate term of incarceration of twenty to forty years. Harris then filed a *pro se* motion for reconsideration of sentence,[1] which was denied by operation of law on July 5, 2017. No direct appeal was filed.

On June 2, 2017, Harris filed the instant PCRA petition, *pro se*, and appointed counsel filed an amended PCRA petition. Harris claimed that trial counsel was ineffective for failing to file a direct appeal. The PCRA court held an evidentiary hearing,[2] at which both trial counsel and Harris testified. The trial court entered an order denying the PCRA petition on June 16, 2021.[3] This appeal followed.

As the scope of the issues on appeal is somewhat muddled, we begin by explaining our understanding of the issues properly before us. Only non-waivable issues and issues Harris properly preserved in the PCRA court are

_____

[1] In her motion, Harris indicated that she was filing the document *pro se* because her attempts at contacting trial counsel were unsuccessful. **See** Motion, 3/30/17, at 1-2.

[2] A second hearing was held, but consisted only of argument after PCRA counsel informed the court that he would not be presenting any additional witnesses.

[3] The delay in the PCRA court's disposition is attributed to the Covid-19 pandemic.

properly before this Court on appeal. **See Commonwealth v. Jacobs**, 900 A.2d 368, 372 (Pa. Super. 2006) (*en banc*).

The sole issue presented in the PCRA court was whether trial counsel was ineffective for not filing a direct appeal on Harris's behalf. Harris's counseled, amended PCRA petition framed the issue as counsel's failure to heed Harris's request for a direct appeal. **See** PCRA Petition, 9/6/18, at ¶ 15. Trial counsel testified that he had no recollection of Harris requesting a post-sentence motion or appeal. **See** N.T., PCRA Hearing, 9/17/19, at 37-38. He opined that he believed any post-sentence motion or appeal would have been frivolous, but that he would have preserved Harris's rights by filing the requested documents and then requesting to withdraw. **See id**., at 38.

However, at the hearing on the petition, trial counsel testified that he was not familiar with the first phone number on his business card. **See id**., at 49. He conceded that if Harris had attempted to use that number to contact him, he would not have received the message. **See id**., at 51. Trial counsel further conceded that he had no memory of having any contact with Harris or her family after sentencing. **See id**., at 50.

Finally, counsel stated that he was counsel of record when Harris filed her *pro se* motion for reconsideration of sentence. **See id**., at 55. He further confirmed that the trial court had his correct e-mail address and he should have received notice of Harris's *pro se* filing. **See id**. However, he testified that he never received notice of the filing. **See id**.

At the conclusion of the hearing, PCRA counsel argued two related, but alternative theories of relief:

> I would suggest to the Court that if Ms. Harris knew that [trial counsel] still represented her for the purposes of appeal, which she did by virtue of her acknowledgment on the sentencing date, what else explains the pro se filing except that Mr. Harrison was either unreachable or intentionally ignoring her request?

N.T., PCRA Hearing, 4/14/21, at 6.

The PCRA court found trial counsel's testimony that Harris did not request the filing of a post-sentence motion or direct appeal credible and therefore dismissed Harris's amended PCRA petition. *See* Order, 6/16/21. The PCRA court did not explicitly address the argument that Harris's attempts to communicate her requests to trial counsel were foiled by the incorrect phone number.

After Harris appealed, the PCRA court did not direct Harris to file a Pa.R.A.P. 1925(b) statement. As a result, Harris was under no duty to file such a statement and therefore cannot be found to have waived the issue by not raising it there. *See Commonwealth v. Jones*, 193 A.3d 957, 962-3 (Pa. Super. 2018). In its opinion on appeal, the PCRA court addresses only the issue of whether trial counsel received any request to file a post-sentence motion or direct appeal. It did not address the wrong phone number or trial counsel's allegation that he never received notice from the trial court of Harris's *pro se* filing.

- 4 -

On appeal, Harris purports to raise only a single issue. While the argument in support of this issue is hardly a model of clarity, we conclude that it fairly includes an argument that the PCRA court failed to properly address the possibility that Harris attempted to request an appeal from trial counsel, but the attempt was negated by the incorrect contact information on counsel's business card: "Here, [Harris] took proactive steps to challenge her sentence and was unable to contact [trial counsel] within the necessary time frame because the number he had on his business card was unrecognizable even to him." Appellant's Brief, at 12 (italics removed).

Under these circumstances, the issue of whether Harris's attempt to request a direct appeal was frustrated by the incorrect phone number is properly before us. In turn, this evidence in conjunction with the evidence that the trial court had trial counsel's correct e-mail address at the time to notify him of Harris's *pro se* post-sentence motion, fairly raises the question of whether trial counsel properly counseled Harris about the prospects of a direct appeal. We therefore address all of these interrelated issues.

Our standard of review for an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. **See Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **See id**.

Concerning ineffective assistance of counsel arguments, we presume counsel is effective, and the appellant bears the burden to prove otherwise. ***See Commonwealth v. Bennett***, 57 A.3d 1185, 1195 (Pa. 2012). The appellant must demonstrate: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. ***See Commonwealth v. Solano***, 129 A.3d 1156, 1162-63 (Pa. 2015).

It is well-settled that "an accused who is deprived entirely of his right of direct appeal by counsel's failure to perfect an appeal is *per se* without the effective assistance of counsel, and is entitled to reinstatement of his direct appellate rights." ***Commonwealth v. Johnson***, 889 A.2d 620, 622 (Pa. Super. 2005) (citing ***Commonwealth v. Halley***, 870 A.2d 795 (Pa. 2005) (failing to file a Pa.R.A.P. 1925(b) statement on behalf of an accused seeking to appeal his sentence, resulting in the waiver of all claims, constitutes an actual or constructive denial of counsel and entitles the accused to a direct appeal *nunc pro tunc* regardless of his ability to establish the merits of the issues that were waived); ***Commonwealth v. Lantzy***, 736 A.2d 564 (Pa. 1999) (failing to file a requested direct appeal denies the accused the assistance of counsel and the right to a direct appeal, and the accused is entitled to reinstatement of his direct appeal rights). Therefore, the failure to

file a direct appeal "meet[s] the prejudice requirement" of the PCRA. **Lantzy**, 736 A.2d at 571-72.

Initially, "[b]efore a court will find ineffectiveness of counsel for failing to file a direct appeal, the defendant must prove that he requested an appeal and that counsel disregarded that request." **Commonwealth v. Knighten**, 742 A.2d 679, 682 (Pa. Super. 1999) (citations omitted). However, an attorney's failure to consult a defendant about a direct appeal may excuse the defendant from the obligation to request an appeal under **Knighten**. **See Commonwealth v. Bath**, 907 A.2d 619, 623 (Pa. Super. 2006). Under certain circumstances, counsel could be found to be ineffective for not filing a direct appeal even if the defendant did not request the appeal.

In **Commonwealth v. Touw**, 781 A.2d 1250 (Pa. Super. 2001), we adopted the ruling in **Roe v. Flores-Ortega**, 528 U.S. 470 (2000), which acknowledged an ineffective assistance of counsel claim relating to an attorney's failure to consult regarding the right to file a direct appeal. **See id**. at 1254-55. **Roe** and **Touw** impose a duty upon counsel to adequately consult with a defendant concerning the advantages and disadvantages of an appeal where there is reason to think that a defendant would want to appeal. **See Roe**, 528 U.S. at 478; **Touw**, 781 A.2d at 1254.

Where a PCRA petitioner alleges his counsel failed to file a direct appeal, the PCRA court must determine, "whether counsel in fact consulted with the defendant about an appeal." **Roe**, 528 U.S. at 478. A consult takes place

where the attorney "advis[es] the defendant about the advantages and disadvantages of taking an appeal, and mak[es] a reasonable effort to discover the defendant's wishes." *Id*. The PCRA court must make a specific "finding as to whether a discussion" between the attorney and defendant concerning "the advantages and disadvantages of taking an appeal" occurred. *Touw*, 781 A.2d at 1255. If counsel has, in fact, consulted with the defendant, his performance can only be deficient "by failing to follow the defendant's express instructions with respect to an appeal." *Roe*, 528 U.S. at 478 (citation omitted).

If, however, counsel has not consulted with the defendant, the court must next consider "whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Id*. The *Roe* Court determined a deficient performance is where counsel neglected to:

> consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination courts must take into account all the information counsel knew or should have known.

*Id*. at 480 (citation omitted).

A "deficient failure" by counsel to consult "does not automatically entitle the defendant to reinstatement of his or her appellate rights." *Touw*, 781 A.2d at 1254. Rather, a defendant "must show prejudice." *Id*. To establish prejudice, a defendant must show "there is a reasonable probability that, but

- 8 -

for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id*. (citation omitted).

To guide a reviewing court on these issues, a PCRA court "must make factual findings regarding whether trial counsel adequately consulted with a criminal defendant regarding the advantages and disadvantages of filing an appeal." *Commonwealth v. Carter*, 21 A.3d 680, 684 (Pa. Super. 2011). These factual findings "must be based on testimony from trial counsel at an evidentiary hearing." *Id*. Furthermore, where the PCRA court fails to "make adequate findings of fact to permit appellate review[,]" the appellate court should remand for the PCRA court to make the required findings. *Touw*, 781 A.2d at 1254. Where the PCRA court is "unable to make the required findings based on the existing record, a new hearing will be necessary." *Id*.

Here, we note the Commonwealth argues that while the PCRA court properly determined trial counsel was not ineffective concerning the filing of a requested appeal, the PCRA court failed to address trial counsel's obligation to consult with Harris. *See* Commonwealth's Brief, at 8. The Commonwealth does not contest a remand to allow the PCRA court to address whether trial counsel was ineffective for failing to consult with Harris regarding a direct appeal. *See id*. at 8, 14.

We agree with the Commonwealth: the PCRA court made specific findings of fact concerning whether Harris requested trial counsel to file a direct appeal. The PCRA court stated, "After listening to both witnesses, this

[c]ourt found [trial counsel's] testimony to be credible. [Harris] did not provide sufficient evidence to prove that she requested a motion to reconsider [sentence] or notice of appeal from [trial counsel]." PCRA Court Opinion, 12/10/21, at 5. We therefore affirm the PCRA court's order on the issue of whether trial counsel was ineffective for failing to honor an explicit request to file a direct appeal.

However, as proficiently noted by the Commonwealth, "[t]he PCRA court's credibility findings [d]o not implicate the failure-to-consult issue." Commonwealth's Brief, at 14. The PCRA court simply stated it did not believe Harris's testimony regarding her request to file a motion to reconsider or a direct appeal. As such, it remains unclear whether the PCRA court believed that Harris and trial counsel spoke after the sentencing, and if so, to what extent. Based upon trial counsel's testimony, if it is to be credited, he did not talk to Harris concerning "the viability of a direct appeal." N.T., PCRA Hearing, 9/17/19, at 36. If found credible, no consultation ever took place, and the PCRA court must complete the ineffective assistance analysis. Further, the trial court has not addressed whether the incorrect phone number frustrated Harris's attempts to request a direct appeal or whether counsel was aware of Harris's *pro se* post-sentence motion.

Therefore, we vacate the PCRA court's order and remand to permit the PCRA court to make the necessary factual findings and additional review and, if necessary, hold an additional evidentiary hearing.

Order affirmed in part vacated in part. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2022